UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------)
WAI HUNG CHAN *et al.*,

                Plaintiffs          Case No. 1:15-CV-09723

                Against

A TAST OF MAO, INC. *et al.*,

                Defendants
-----------------------------------------------------------------)

## I
## INTRODUCTION

Defendants move for summary judgment on the ground that Plaintiffs' claims are barred by the doctrine of accord and satisfaction. Defendant Taste of Mao, Inc. ("Taste of Mao") paid claims for back wages for each of the Plaintiffs in January 2016 to resolve an enforcement action following an investigation by the Wage and Hour Division of the U.S. Department of Labor (the "DOL"). Allowing Plaintiffs to prosecute this action despite the resolution of the Enforcement Action would give Plaintiffs a windfall and would materially interfere with the administrative enforcement process adopted by the DOL.

## II
## ALL MATERIAL FACTS ARE UNDISPUTED

      This Motion is based solely on the Declaration of Thomas D. Gearon filed herewith. That Declaration sets forth the following undisputed facts:

      1.    In January 2016, Taste of Mao entered into a BACK WAGE COMPLIANCE AND PAYMENT AGREEMENT (the "Enforcement Agreement") with the DOL. The DOL

made the settlement on behalf of the Plaintiffs in this case.

2. The Enforcement Agreement included a "Summary of Unpaid Wages" that listed 19 employees (the "Employees") who received back wages pursuant to the Enforcement Agreement.

3. Each Plaintiff was listed on the Summary of Unpaid Wages as an Employee who was covered by the Enforcement Agreement.

4. Taste of Mao paid all amounts due under the Enforcement Agreement. Those amounts were paid to the DOL, which, in accordance with the DOL's procedures then paid the wages to the Employees, including the Plaintiffs.

5. In the course of the Enforcement Action, counsel for Defendants wrote to counsel for the DOL requesting that the DOL represent that it had the authority to represent each of the Employees.

6. In response to that letter, Mr. An, counsel to the DOL, confirmed that the DOL did have the authority to represent the Employees and to resolve all claims on their behalf.

7. No Plaintiff has asserted in this case that such Plaintiff did not receive the back wages Taste of Mao paid to the DOL for the benefit of such Plaintiff.

There are no other facts material to this Motion. Unless Plaintiffs can create a genuine, triable issue as to any of these facts, Defendants are entitled to summary judgment for the legal reasons set forth below.

### III
### PLAINTIFFS' ARE BOUND BY THE ENFORCEMENT AGREEMENT.

Plaintiffs are bound by the Enforcement Agreement as though they were parties thereto. It is hornbook law that a party is bound by agreements made by an authorized representative.

*Hallock v. State of New York*, 64 N.Y.2d 224, 230-31 (Ct. of Appeals 1984); *Park Irmat Drug Corp. v. Optumrx, Inc..* 152 F. Supp.3d 127, 135-36 (S.D.N.Y. 2016). It is also settled that a party ratifies an agreement by accepting its benefits. *VKK Corp. v. National Football League,* 244 F.3d 114, 123 (2d Cir. 123). Here, it is undisputed that each Plaintiff was represented by the DOL and that each Plaintiff received benefit from the Enforcement Agreement. No Plaintiff has returned the payments received. Therefore, under basic principles of contract law, Plaintiffs' claims are barred by the doctrine of ratification. *Smith v. JPMorgan Chase,* No. 15 Civ 808 (PAE), September 23, 2016 (S.D.N.Y. 2016), *citing Tung v. Texaco Inc.,* 32 F.Supp.2d 115, 118 (S.D.N.Y. 1997) (Title VII claim barred by failure to return payments), *aff'd in relevant part* 150 F.3d 206 (2d Cir. 1998).

IV
**THE FLSA SPECIFICALLY PROVIDES THAT THE SETTLEMENT CONSTITUTES A WAIVER OF PLAINTIFFS' CLAIMS.**

Section 216 of the Federal Fair Labor Standards Act establishes a comprehensive and efficient administrative process for enforcing the FLSA. As part of that administrative regime, the DOL is authorized to commence investigations of individual employers and to enter orders requiring employers to pay back wages as determined by the DOL. Section 216(c) of Act specifically authorizes the Secretary to supervise payments of back wages:

> The Secretary [of Labor] is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

Paragraph 4 of the Declaration of Thomas D. Gearon establishes that Defendants paid the

3

amounts due under the Enforcement Agreement in full. Thus, the Settlement bars the claims of each Plaintiff for back wages.

### PERMITTING PLAINTIFFS TO AVOID THE SETTLEMENT WOULD UNLAWFULLY INTERFERE WITH THE ADMINISTRATION AND ENFORCEMENT OF THE FLSA.

The FLSA sets forth a comprehensive process for administrative enforcement of the Act's substantive provisions. It is well-settled that courts should defer to the judgment of the Secretary of Labor as to the appropriate means for enforcement. *Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U. S. 837 (1984) (courts must defer to administrative agency's interpretation of its own statute and powers); *Mullins v. City of New York,* 653 F.3d 104, 113-117(2d Cir. 2011) (courts must defer to Secretary of Labor's administration of FLSA). The Enforcement Agreement was made pursuant to the DOL's standard administrative enforcement procedures. Courts cannot, therefore, second-guess whether the Enforcement Action was reasonable or fully satisfied the workers' interests:

> For courts to ignore such administrative orders and to refuse bar further claims and litigation would deprive the DOL of any leverage it has to obtain prompt and fair resolutions of wage claims based on its administrative investigations. Congress' intent was to encourage FLSA settlements with the waiver provision found in 29 U.S.C. § 216(c), which grants an enforceable release to employers from any right an employee may have to unpaid minimum wages, unpaid overtime compensation, and liquidated damages, when an FLSA settlement agreement is approved. See *Manning v. New York University*, 2001 WL 963982, at *11 (S.D.N.Y. Aug. 22, 641*641 2001) (citing *Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir.1977)) ('[Section 216(c)] was intended to create an incentive for employers to accept voluntarily settlements supervised by the Secretary of Labor.')

*Bouzzi v. F & J Pine Restaurant*, 841 F. Supp.2d 635-641-42 (E.D.N.Y. 2012).

No rational policy can be asserted for any other outcome. If an employer cannot be protected from the expense of individual claims following consensual resolution of an administrative investigation and enforcement action, the employer has no incentive – and little

4

choice – but to contest the administrative enforcement action. Discouraging consensual resolutions would accomplish nothing but a waste of the DOL's resources, delays in compensation for workers, and increased costs to employers that would leave less capital for wages, paying taxes, and the economic growth that creates more jobs.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that summary judgment should be entered in favor of Defendants and that Plaintiffs' claims should be dismissed.

Respectfully submitted,

/s/ Thomas D. Gearon
Thomas D. Gearon, Esq.
Law Office ofThomas D. Gearon, P.C.
*Attorney for Defendants*
136-20 38th Avenue Suite 9i
Flushing, New York 11354
Tel: (718) 395-8628
gearonlaw@aol.com
