UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------
:
WAI HUNG CHAN, *et al.*, :
:
                Plaintiffs, :     15cv9723
:
                -against- :     <u>OPINION & ORDER</u>
:
A TASTE OF MAO, INC. d/b/a :
SZECHUAN PALACE, *et al.*, :
:
                Defendants. :
:
------------------------------------------

WILLIAM H. PAULEY III, United States District Judge:

        Defendants A Taste of Mao, Inc. d/b/a Szechuan Palace and its named owners, officers, directors, managing agents, and stockholders (collectively, "Taste of Mao") move for summary judgment dismissing this lawsuit. Taste of Mao's motion is denied.

## BACKGROUND

        This Fair Labor Standards Act ("FLSA") action arises from Taste of Mao's alleged refusal to pay its employees minimum wage for hours worked and overtime. Plaintiffs are a group of former waiters, delivery workers, and cashiers employed by Szechuan Palace, a Manhattan restaurant owned by Taste of Mao.

        In January 2016, Taste of Mao entered into a settlement supervised by the Department of Labor ("DOL") to resolve FLSA-related liabilities. (Back Wage Compliance and Payment Agreement ("DOL Settlement"), ECF No. 45–1.) The DOL's investigation, which covered the period from August 2013 to August 2015, found that nineteen employees, including four of the five Plaintiffs in this action, were entitled to back wages totaling $38,883.80. (DOL

Settlement at 1.)  Taste of Mao agreed to settle the matter by paying the DOL $48,641.21.  (DOL Settlement at ¶¶ 3–4.)

To ensure that the DOL Settlement covered all nineteen employees, Taste of Mao asked the DOL to provide an assurance that it "had the authority to represent the [e]mployees." (Def. Memo. of Law in Support of Summary Judgment ("Mot."), ECF No. 46, at 2, ¶ 5.)  The DOL confirmed its authority to represent and resolve all employees' claims.  (Mot. at 2, ¶ 6.) After finalizing the settlement, Taste of Mao paid the DOL.  (See Mot. at 2, ¶ 4.)  In July 2016, the DOL mailed WH–60 forms to each employee, notifying them of the settlement and their right to a share of it.  To receive payment, employees were required to sign a WH–60 form and return an executed copy to DOL.

Notwithstanding the settlement, five former Taste of Mao employees—one of whom was not covered by the DOL Settlement—commenced this action in December 2015 seeking damages arising from FLSA violations exceeding the period covered by the DOL Settlement.

## DISCUSSION

"Summary judgment is warranted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The moving party has the "burden of demonstrating the absence of any genuine dispute as to a material fact."  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  In determining whether there is a genuine issue as to a material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.

2

Taste of Mao contends that the DOL Settlement bars the claims in this action. (Mot. at 2–3.) Despite the Plaintiffs' decisions not to sign the WH–60 forms and accept their settlement payments, Taste of Mao argues that the "the funds are still constructively in Plaintiffs' possession" because the DOL, as their agent, has not returned any of the settlement monies. (Def. Reply in Support of Summary Judgment, ECF No. 53, at 3, ¶ 7.) Therefore, Taste of Mao claims the non-return of DOL Settlement funds constitutes a waiver of Plaintiffs' right to sue.

Plaintiffs argue that their decision not to sign the WH–60 form represents an unequivocal rejection of the DOL Settlement, preserving their right to sue in this Court. (Pl. Opposition to Motion for Summary Judgment ("Opp."), ECF No. 49, at 4.) Moreover, they assert that the relief provided by the DOL Settlement is insufficient when compared to the relief they seek here because this action includes a former employee who was never covered by the DOL Settlement and expands the time period for which FLSA damages are sought. (Opp. at 1–2.)

Under FLSA, "[t]here are only two ways in which back wage claims . . . can be settled or compromised by employees. First, under [29 U.S.C. § 216(c)], the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. Second[,] when employees bring a private action for back wages under [ ] FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Manning v. New York Univ., 2001 WL 963982, at *13 (S.D.N.Y. Aug. 22, 2001). With respect to the first option, Section 216 of FLSA further provides, in relevant part:

> The Secretary [of Labor] is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such

3

> payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

(emphasis added). Thus, an employee waives his right to sue once he accepts funds from a DOL supervised settlement.

Waiver, however, requires (1) that the employee agree to accept payment which the Secretary of Labor determines to be due, and (2) that there be payment in full, with both elements satisfied independently. Parada v. Banco Indus. de Venezuela, C.A., 2011 WL 519295, at *9 (S.D.N.Y. Feb. 15, 2011). Usually, the DOL notice informing employees about settlement contains a waiver clause expressly setting forth the consequences of accepting payment. Zhengfang Liang v. Cafe Spice SB, Inc., 911 F. Supp. 2d 184, 198 (E.D.N.Y. 2012) (waiver under a DOL settlement occurs "pursuant to plaintiff's receipt of a WH–58 form, which contains explicit waiver language, or a similar form containing explicit waiver language").

Here, each of the WH–60 forms contains a clear waiver clause stating that the "amount of back wages, liquidated damages, or other compensation" in the DOL Settlement, if accepted, results in "waive[r] [of] any right [Plaintiffs] have to bring suit on [their] behalf for the payment of such unpaid minimum wages and/or unpaid overtime compensation for the period of time indicated [in the form] and an equal amount in liquidated damages, plus attorney's fees and court costs under Section 16(b) of the FLSA." (Declaration of Phillip Kim in Support of Opposition to Summary Judgment, ECF No. 50, Ex. B.) Such language constitutes a waiver. See Calfari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 279 (E.D.N.Y. 2013).

Plaintiffs did not execute their WH–60 forms. Therefore, none of them can be deemed to have accepted the DOL Settlement and waived their right to sue. Taste of Mao

4

attempts to side step this requirement by arguing that Plaintiffs constructively accepted the funds when the DOL, as their authorized representative, took possession of such funds. That argument, however, overlooks the sole mechanism through which Plaintiffs can accept payment—signing and returning the WH–60 forms—and their decision not to do so. Without that, there is no waiver. Guzman v. Concavage Marine Construction Inc., 176 F. Supp. 3d 330, 338 (S.D.N.Y. 2016); see also Munoz v. Loh Enters., Inc., 2014 WL 12584307, at *3 (N.D. Tex. May 29, 2014) ("When the DOL supervises the payments of unpaid overtime compensation, an employee waives his right to sue . . . by (1) agreeing to accept the payment that the DOL determines to be due and (2) accepting payment in full.") (emphasis added). Further, the decision to sign and accept payment must be informed, meaningful, and free from duress. See Guzman, 176 F. Supp. 3d at 338 (citing Woods, 803 F. Supp. 2d 789, 800 (M.D. Tenn. 2011) (noting that "[t]o constitute a waiver, the employee's choice to waive his or her right to file private claims—that is, the employee[s] agreement to accept a settlement payment—must be informed and meaningful")). That issue need not be addressed, however, because Plaintiffs never signed their forms.

While none of the Plaintiffs expressly rejected the DOL Settlement, their refusal or failure to sign the WH–60 form is tantamount to a rejection for several reasons. (See also Declaration of Zhang Cai He, ECF No. 51.) First, the WH–60 form simply does not provide the option to expressly reject payment; it only requests a signature in the event an employee wishes to receive the settlement payment as determined by the DOL. The presumption here is that employees do not have to take the settlement unless they specifically opt into it. Second, FLSA clearly contemplates a scenario in which an employee elects to decline a DOL-supervised settlement. Thus, the statute provides that any amount "recovered by the Secretary of Labor on

behalf of an employee . . . not paid to [such] employee because of inability to do so within a period of three years shall be covered into the Treasury of the United States as miscellaneous receipts." 29 U.S.C. § 216(c).   That provision is also memorialized in the DOL Settlement, where the parties expressly agreed that "[i]n the event that any employees cannot be located, or refuse to accept the back wages, the employer agrees after three years, any monies <u>which have not been distributed</u> because of inability to locate the proper persons or because of their refusal to accept payment" shall be disbursed to the U.S. Treasury.  (DOL Settlement at ¶ 7.)  Such provisions clearly account for the possibility that an employee will preserve the right to prosecute his claims in court to recover damages in excess of a DOL-supervised settlement, and they impose the risk of loss resulting from unexpended settlement funds on the employer. Notwithstanding that risk, a DOL-supervised settlement encourages employers to resolve their FLSA liabilities efficiently among several potential claimants.

   Taste of Mao nevertheless urges this Court to bind Plaintiffs to the DOL Settlement, arguing that employers who in good faith strive to settle claims should be afforded the benefit of knowing that they will not face liability in the future.  Without recognizing the finality of DOL settlements, Taste of Mao argues that employers have no incentive to settle. And as a policy matter, Taste of Mao claims that a significant portion of FLSA would be rendered meaningless if settlements supervised by the Secretary of Labor do not bind all covered employees.

   Taste of Mao raises an intriguing, though legally inapposite, point.  FLSA recognizes that many fair wage and labor disputes often involve dozens of aggrieved employees, and provides the option for employers to settle their myriad claims on a collective basis.  All efforts to settle are centralized through one party—the Secretary of Labor—who is empowered

to negotiate on behalf of the aggrieved employees, supervise the settlement on their behalf, and equalize the balance of power between employers and low wage employees.  But in doing so, FLSA subjects employers to several risks that, as a practical matter, create a great deal of uncertainty in their ability to conduct future business.  By settling with DOL, employers effectively forfeit their right to reclaim any settlement funds rejected by employees.  Such funds, along with those designated for those employees who could not be found, are instead diverted to the U.S. Treasury as miscellaneous receipts.  Therefore, employers must assume the risk that a DOL-supervised settlement will extinguish some, but not all, of their liability.  Adding salt to the wound, monies originally paid to extinguish some claims may never be recouped.  And, the continued threat of FLSA liability may be an existential one, especially for small businesses that rely on low wage labor.  Here, based on the decisions of four employees to spurn the DOL Settlement, Taste of Mao forfeits approximately $11,000 in settlement funds designated to address back wage liability arising from their employment.

To be sure, the decision to settle with the DOL is presumed to be an informed one.  Employers know what will happen if their settlement payments cannot be distributed, and they consciously choose to bear the risk of forfeiting such funds to the U.S. Treasury.  Moreover, they do so knowing that they have another option—to settle claims with individual employees subject to judicial approval.  And finally, although a DOL settlement has its risks, employers have a strong incentive to settle FLSA violations on a collective basis potentially for less than what they may have to pay through a court-supervised action.

But the statutory incongruity remains, forcing businesses such as Taste of Mao to relinquish settlement payments to the U.S. Treasury when their settlements are spurned by the very individuals on whose behalf DOL says it has the authority to act.  Unfortunately for Taste of

Mao, it is Congress—not this Court—which must forge a solution to that quandary. This Court's obligation is to interpret and apply the statute in its current form, even if it means compelling an outcome that forces Taste of Mao to address the same allegations it believed were resolved through the DOL Settlement.

With a modest revision of Section 216, Congress could provide finality to the agreements that well-meaning employers enter into with the Secretary of Labor. It would obviate the perverse result in this action or, at a minimum, afford greater flexibility for employers to recoup any unexpended settlement funds and utilize them toward resolving the claims alleged by employees who declined to participate in the DOL settlement. Until then, employers must face the continued threat of liability when employees explicitly reject the amounts offered under a DOL supervised settlement, do not respond to DOL notices of settlement, or simply cannot be found.

## CONCLUSION

For the following reasons, Taste of Mao's motion for summary judgment is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 44.

Dated: July 12, 2017SO ORDERED:
New York, New York

_____
WILLIAM H. PAULEY III
U.S.D.J.