

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAI HUNG CHAN, et al.,

        Plaintiffs,

-against-

A TASTE OF MAO, INC., d/b/a
SZECHUAN PALACE, et al.,

        Defendants.

15-CV-9723 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    On February 1, 2019, the parties to this Fair Labor Standards Act litigation submitted their proposed settlement agreement (Original Agreement) (Dkt. No. 87-1) to the Court, and on February 19, 2019, the Court approved the Original Agreement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as fair and reasonable. *See* Feb. 19, 2019 Order (Dkt. No. 88) at 2.

    On May 28, 2019, the parties advised the Court that there were certain errors in the Original Agreement concerning the timing and source of the settlement payments to be made to each of the five plaintiffs, and sought leave to reopen the case for the purpose of submitting a proposed amended settlement agreement for *Cheeks* approval. (Dkt. No. 89.) The Court granted plaintiffs' request. (Dkt. No. 90.) After two extensions of their deadline to do so (*see* Dkt. Nos. 92, 94), the parties submitted their proposed amended settlement agreement (Amended Agreement) (Dkt. No. 95-1) for *Cheeks* approval on July 31, 2019. (Dkt. No. 95.)

    On October 1, 2019, the Court denied the parties' application for approval of their Amended Agreement and directed them to either (1) submit further briefing as to why the Amended Agreement was fair and reasonable, or (2) submit a revised amended settlement agreement. (Dkt.

No. 96.) After an extension of their deadline to do so (*see* Dkt. No. 98), the parties submitted their proposed revised amended settlement agreement (Revised Amended Agreement) (Dkt. No. 99-1) for *Cheeks* approval on October 22, 2019. (Dkt. No. 99.) On October 31, 2019, the Court denied the parties' application for approval of their Revised Amended Agreement and directed them to either (1) submit a further revised settlement agreement, or (2) adhere to the Original Agreement approved on February 19, 2019. (Dkt. No. 100.)

By letter dated November 8, 2019, the parties advised the Court that they would adhere to the Original Agreement (Dkt. No. 101), and on November 12, 2019, the Court approved the parties' November 8 letter. (Dkt. No. 102.)

The Original Agreement contemplated that all settlement sums would be paid to plaintiffs within 90 days of the Court's approval thereof, and that the parties would "submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit with prejudice." Original Ag. ¶¶ 1(a)-(e), 3. Accordingly, the Court, when approving the Original Agreement, directed "plaintiff to submit a stipulation of dismissal with prejudice no later than seven days following the final payment of the agreed-upon sums." Feb. 19, 2019 Order at 2. Plaintiff never submitted that stipulation. However, considerably more than 90 days have passed since the parties advised the Court that they would adhere to the Original Agreement. Consequently, this action must now be DISMISSED WITH PREJUDICE, as contemplated by the Original Agreement and the Feb. 19, 2019 Order.

The Clerk of Court is respectfully directed to terminate this action.

Dated:  New York, New York  
       June 16, 2020

**SO ORDERED**.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

2